**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TRACY L. TRUAX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-391-SEP |
| | ) |
| THOMAS J. FRAWLEY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of self-represented Plaintiff Tracy L. Truax's application to proceed in the district court without prepaying fees or costs. Upon consideration of the financial information provided with the application, the Court finds that Plaintiff is financially unable to pay any portion of the filing fee. The motion will be granted and the filing fee waived. In addition, the Court will dismiss the complaint without prejudice.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining

whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense.  *Id*. at 679.

When conducting initial review pursuant to § 1915(e)(2), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).   However, this does not mean that complaints filed by self-represented litigants may be merely conclusory.  Even self-represented litigants are required to allege facts in the complaint which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").   In addition, affording a complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel.  *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this civil action against Defendants Judge Thomas J. Frawley; attorneys Mark Haefner, Jennifer Boerching, and Kimberly Buchanan; Justine Carrie Bone; and Douglas A. McClellan, Sr.[1]  The action arises out of a child custody hearing in Jefferson County, Missouri, in which the father of Plaintiff's minor son was granted sole legal custody of their minor son. Plaintiff alleges the judge, attorneys, and guardians ad litem all committed fraud on the state court and are involved in a "9 year fight and cover up for the father."

---

[1] As the basis for federal question jurisdiction, Plaintiff lists the following statutes: 18 U.S.C. § 241, 42 U.S.C. §§ 1983, 1985, and 1986; and Missouri Revised Statutes § 565.111 and § 565.153.

For relief, Plaintiff asks for the state court judgment to be reversed, the child brought back to Missouri to live with Plaintiff, and to have Defendants "punished legally and financial compensation to mother and child for their wrongful behavior and irreparable harm." She seeks damages in the amount of $20 million.

**Discussion**

This case will be dismissed pursuant to the domestic relations exception. "The domestic relations exception, first articulated in *Barber v. Barber*, 62 U.S. 582, 584 (1858), divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody." *Khan v. Khan*, 21 F.3d 859, 861 (8th Cir. 1994) (internal citation amended). Even "when a cause of action closely relates to but does not precisely fit into the contours of an action for divorce, alimony or child custody, federal courts generally will abstain from exercising jurisdiction." *Id*.

In the case at bar, Plaintiff is asking this Court to determine that Defendants committed wrongdoing in connection with state child custody proceedings, *Truax v. McClellan*, No. 14J-CC00622 (23rd Jud. Cir. Apr. 1, 2019), and enter an order changing the child's custody status.[2] This Court cannot change state custodial determinations as Plaintiff requests. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) (questions concerning child custody are left entirely to state

---

[2] Plaintiff's underlying state court case was reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public state records. *See Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

courts to answer).   Because the domestic relations exception divests this Court of jurisdiction, this case will be dismissed without prejudice.

The complaint is subject to dismissal for other reasons as well.  As a judicial officer exercising the authority in which he was vested, Judge Thomas J. Frawley is immune from suit. *Hamilton v. City of Hayti, Mo.*, 948 F.3d  921 (8th Cir. 2020).  "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).   This immunity applies even when the judge is accused of acting maliciously or corruptly.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  *See also Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018) (stating that "judicial immunity is not overcome by allegations of bad faith or malice").

Finally, Plaintiff sues Defendants Jennifer Boerching and Kimberly Buchanan in their capacities as guardians ad litem for Plaintiff's son.  Guardians ad litem are also entitled to absolute immunity.  *See Dornheim v.* Sholes, 430 F.3d 919, 925 (8th Cir. 2005) (citing *McCuen v. Polk Cty., Iowa*, 893 F.2d 172, 174 (8th Cir. 1990) (holding that a guardian ad litem's absolute immunity extends to her duties of preparing reports and making recommendations to family court)).

For these reasons, self-represented Plaintiff's complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e) because it is legally frivolous or fails to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs (Doc. [2]) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. [3]) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

A separate Order of Dismissal will be entered herewith.

Dated this 26th day of June, 2020.

*Sarah E. Pitlyk*

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE